**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **IRINEO GARCIA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 06-1101-MLB |
| ) | |
| **AMADOR ELIZARDO, d/b/a M-3 GIN** ) | |
| **SERVICE, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's motion to compel defendant Gary Morgan to answer Interrogatory No. 12. (Doc. 71).[1] For the reasons set forth below, the motion shall be DENIED.

### Background

This lawsuit seeks damages for personal injuries. Highly summarized, plaintiff alleges that he was severely injured when parts of a cotton gin being dismantled by the parties fell on him. He contends that defendants' negligence was the cause of the accident

---

[1] Plaintiff's motion also sought to compel supplemental answers to Interrogatory Nos. 10 and 19. The parties have resolved their disputes concerning Interrogatory Nos. 10 and 19. Plaintiff's Reply Brief, Doc. 75, p. 1.

and his injuries.

## Motion to Compel

Plaintiff moves to compel a complete answer to Interrogatory No. 12 which requests:

> Please describe in sequential order your activities from eight hours before to two hours after the occurrence which is the subject matter of the lawsuit, including locations, arrival and departure times, and give the full name, present or last known address and telephone number of all persons who have knowledge of your activities.

Morgan opposes the motion, arguing that the interrogatory is overly broad, vexatious, and harassing because the request is not limited to material or significant activities that are relevant to the issues in this case. Morgan also argues that his deposition has been taken and that he has answered deposition questions concerning his activities around the time of the accident.

The court agrees that Interrogatory No. 12 is overly broad on its face because it asks Morgan to identify "in sequential order" his activities for a ten hour period. Because the request includes irrelevant activities such as eating a meal, brushing teeth, or going to the bathroom, the interrogatory is overly broad.

Equally important, plaintiff took Morgan's deposition on September 19, 2006 and questioned him about the events surrounding the accident. Fed. R. Civ. P. 26(b)(1) provides:

> **In General.** Parties may obtain discovery regarding *any matter, not privileged, that is relevant to the claim or defense of any party*, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good

> cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. *All discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii).* (Emphasis added).

The limitations in Rule 26(b)(2)(i), (ii), and (iii) are:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) *the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought;* or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. (Emphasis added).[2]

The court is satisfied that plaintiff had ample opportunity during Morgan's deposition to obtain the information requested in Interrogatory No. 12.[3] Accordingly, the motion to compel shall be denied.

**IT IS THEREFORE ORDERED** that plaintiff's motion to compel **(Doc. 71)** is **DENIED.**

A motion for reconsideration of this order under D. Kan. Rule 7.3 is not encouraged. The standards governing motions to reconsider are well established. A motion to reconsider

---

[2] Rule 26(b)(2) was amended effective December 1, 2006 to address electronic discovery. The limitations described in parts (i), (ii), and (iii) remain unchanged.

[3] The deposition transcript reveals that the deposition process was also a more efficient and less burdensome method for gathering information concerning Morgan's relevant actions before, during, and after the accident.

is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence.  Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate.  <u>Comeau v. Rupp</u>, 810 F. Supp. 1172 (D. Kan. 1992). Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by the court in <u>Comeau v. Rupp</u>.  The response to any motion for reconsideration shall not exceed three pages.  No reply shall be filed.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 1st day of March 2007.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge